## PARMENAS BRISCOE *v.* JAMES SPEED.

### *In Chancery.* ·

This was a suit in chancery brought by the complainant, in the late supreme court for the district of Kentucky, against the defendant, to obtain a conveyance of part of the defendant's land, and praying an injunction to stay proceedings on a judgment in ejectment, obtained by the said defendant against the complainant in the said court.

Both complainant and defendant claimed the land in dispute under certificates granted by the commissioners for the district of Kentucky for settlements and pre-emptions of 1,400 acres of land.

Briscoe *v.* Speed.

The complainant's certificate was granted the 19th day of April, 1780, for having had a crop of corn raised in 1776, to include his improvement made in 1774.

And it was stated in the bill that the improvement was made by a certain Patrick Doran, for the complainant,

That under which the defendant claimed, was granted by the commissioners the 26th day of October, 1779, to Joseph Early, assignee of George Moss, for improving the land and raising a crop of corn in the year 1776, to include the improvement.

The defendant, in whom the legal title to the land in dispute under Early's certificate became vested, after the removal of this cause from the supreme court for the district, to the court of appeals for the State of Kentucky, got leave to amend his answer, and stated the following fact, which he called upon the complainant to answer, to-wit:

That the said complainant did on the 19th day of February, in the year 1780, obtain from the commissioners for the district composed of the counties of Monongalia, Yohogania and Ohio, a certificate for a settlement and pre-emption of 1,400 acres of land, for an actual settlement made in the county of Monongalia, in the year 1773, and that he had entered and surveyed the same and by himself or assignee completed the title.

This being admitted by the complainant to be the fact, it was determined by the court that they would hear an argument upon the following question, before any inquiry was made as to the general merits of the case, to-wit:

Had the complainant a right under the law to a certificate for a settlement and pre-emption in Kentucky, for services performed for him by another, having himself obtained a certificate for a settlement and pre-emption in another district for an actual settlement made by himself, before the services were performed for him by another in Kentucky.

The argument was heard at this term.

It was urged by the counsel for complainant, that the following clause of the law of 1779 (Chan. Rev. p. 91, sec. 4) : "That all persons who at any time before the first day of January, 1778, have really and *bona fide* settled themselves, or their families, or at his, her, or their charge have settled others, upon any waste or unappropriated lands on the said western waters, to which no other person hath any legal right or claim, shall be allowed for every family so settled, 400 acres of land, or such

Briscoe v. Speed.

smaller quantity as the party chooses, to include such settlement," must have been intended by the legislature to encourage the settlement of the country, by offering as a reward for such settlement 400 acres of land, and the pre-emption of 1,000 acres adjoining, to the party who should settle himself, and the same reward for every person he should settle at his expense; and that although this clause might on the first view of it be thought to apply only to the case of actual settlers, yet when it was considered that those compelled by the situation of the country to reside in villages and townships were equally by their efforts promoting the settlement of the country, it would certainly be considered as extending to them.

But it was contended one argument was conclusive on the subject. The legislature had declared as to one species of claim only, that no more than one pre-emption should be granted to the same person. Chan. Rev. p. 92, and part of sec. 5. And the maxim applied that *expressio unius alterius est exclusio*.

BY THE COURT.—The question submitted to the court in this case is, whether a man under the land law can be entitled, in his own right, to two settlements and pre-emptions in the western country. On a very careful examination of the law, the court can not discover any expression which countenances the idea of a ·man's being entitled to more than one claim, although he had performed all the different services enumerated in the law, except in case of actual settlers; and even there the court is of opinion, that a man for settling himself or his family, or at his charge and expense settling any number of families on waste and [unappropriated lands on the western waters, can only be entitled under the law to one settlement and pre-emption.

Briscoe then, having obtained from the court of commissioners for the counties of Monongalia, Yohogania and Ohio, a certificate of his right to a settlement and pre-emption in the county of Monongalia for an actual settlement made in the year 1773, and having completed his title to that settlement and pre-emption, has precluded himself by that election from obtaining any other land, by virtue of any of the services mentioned in the land law.

Therefore, it is the opinion of the court that the complainant's injunction be dissolved, his bill dismissed, and that he pay unto the defendant his costs, etc.